**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0158-23

MICHAEL PEARSON,

    Plaintiff-Respondent,

v.

QUALITY AUTO EXCHANGE
CORP., MARK ABAID,
individually,

    Defendants-Appellants,

and

CAPITAL ONE AUTO FINANCE,

    Defendant.

_____

> Argued January 9, 2024 – Decided March 12, 2024
>
> Before Judges Whipple, Enright and Paganelli.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0300-21.

Jeffrey S. Mandel argued the cause for appellants (Law Offices of Jeffrey S. Mandel LLC, attorney; Jeffrey S. Mandel, of counsel and on the brief).

Karri Lueddeke argued the cause for respondent (Lueddeke Law Firm, attorneys; Karri Lueddeke, on the brief).

PER CURIAM

On leave granted, defendant Quality Auto Exchange Corp. (QAEC) appeals from a July 7, 2023 order denying its motion for summary judgment, and an August 3, 2023 order denying reconsideration of same. We vacate both orders and remand for further proceedings consistent with this opinion.

We summarize the facts from the motion record to provide context for this opinion. On November 30, 2017, plaintiff, Michael Pearson (Pearson), contracted with QAEC to purchase a car for approximately $36,000. QAEC approved a loan for the car. Thereafter, QAEC assigned the loan to Capital One Auto Finance (COAF). Pearson made the required payments to COAF.

According to Pearson he began getting "hits" on his credit score and received a phone call from the finance manager at QAEC, advising him that COAF required him to pay an additional $3,000. Pearson alleges QAEC told him if he did not pay the additional money, he would be sued, the car would be repossessed, and his credit would be ruined. Pearson opted to negotiate the

A-0158-23

return of the car. He sought to stop the loan payments and a refund of his $10,000 deposit. Prior to going to QAEC, Pearson contacted his credit bureau, lawyers, and COAF. He claims COAF advised him that it had never indicated he had to pay an additional amount.

On April 5, 2018, Pearson went to QAEC and QAEC offered him a refund of $3,000. Although he believed QAEC was "either incorrect or false" in telling him that he owed additional money, he accepted the $3,000 offer. Pearson testified he read and signed the release, it contained all the agreed upon terms and conditions, and there were no terms missing. In pertinent part, the release provided Pearson would sell the vehicle to QAEC, with QAEC paying off any remaining amount on the loan and reimburse him $3,000. Moreover, the release provided, "[b]y accepting the . . . terms, [Pearson] agree[d] that he w[ould] hold [QAEC] to no liability whatsoever." In the release Pearson "also agree[d] that he [wa]s waiving his rights to file a lawsuit against" QAEC. He subsequently received and deposited the $3,000 check.

On January 26, 2021, Pearson filed a complaint against QAEC and COAF. He alleged: violation of New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -195; common law fraud; breach of contract; and unjust enrichment. Pearson sought $7,000—the difference between his deposit and the release

amount—and damages. In QAEC's answer and counterclaim, it sought to enforce the release and alleged: breach of contract; quasi-contract; quantum meruit; and unjust enrichment.

In April 2023, QAEC moved for summary judgment. In an oral opinion, the judge denied the motion, finding:

> the real problem with this is . . . I do[ not] have a certification here for [Pearson]. . . . The problem with [Pearson's] deposition . . . he makes contradictory statements throughout. Those are matters of credibility to be determined by a jury.
>
> . . . .
>
> So because this deposition itself has contradictory statements in it from [Pearson], [QAEC] is asking the court to decide which statements are true and which statements are not. Ultimately, for that reason the court[ is] going to deny the summary judgment because there is conflicting evidence. . . . I[ am] denying the summary judgment probably by the barest of threads. That it[ is] a credibility issue to go to the jury.

QAEC filed a motion for reconsideration, asking the judge to state the factual findings that led to his denial of summary judgment. QAEC asserted the facts were "important" considering the "heightened standard that applied." Further, counsel emphasized the motion

> [wa]s not a [CFA] motion insomuch as it[ was] a release that we have. And [Pearson was] trying to void a release. And [Pearson was] trying to void a release

based on fraud in the inducement for that release. That is what has a different standard than the [CFA]'s preponderance of the evidence.

It is a clear and convincing evidence standard.

The judge denied reconsideration. Initially, in response to Pearson's argument for a heightened standard of proof—clear and convincing—the judge opined the standards of proof—clear and convincing or preponderance of the evidence—did not change on summary judgment and, instead, the parties' issue was an "issue that [went] to the . . . trier of fact."

Next, the judge considered the motion for reconsideration under Rule 4:49-2. He determined this Rule applied, rather than the lower standard for interlocutory motions, because "this [wa]s a reconsideration of a dispositive motion." Citing Cummings v. Bahr, 295 N.J. Super. 374 (App. Div. 1996), the judge noted Rule 4:49-2

> permits reconsideration only on three narrowly defined circumstances where the court's original decision was palpably incorrect or an irrational basis, where it overlooked controlling decisions, . . . where its obvious that the court did [not] consider or failed to appreciate significant probative competent evidence, and when a moving party presents new or additional information which it could not have provided on the first application.

5

The judge stated he originally "denied the summary judgment because there[ were] issues of credibility and questions of fact that should go to the jury. That[ is Pearson]'s statement and the applicable matter." In addition, he noted:

> [QAEC wa]s asserting that a certain standard applie[d] because it could[ not] have been a consumer fraud because it was done in terms [of a] release. [Pearson wa]s saying it[ was] consumer fraud because it[ was] all part and parcel to the entire transaction. And although the court did note that some of [Pearson]'s statements tend to be inconsistent, inconsistency goes to credibility, an issue to raise before a jury, not for a judge to pick out which statement he[ is] going to believe on summary judgment motions.

The judge further found the decision to deny summary judgment was not

> palpably incorrect or [made on an] irrational basis, and . . . did not overlook . . . or fail to appreciate significant probative competent evidence or . . . past preceden[ts] in other court decisions, including the standard to apply[, a]nd [QAEC] ha[d] not presented any new additional information which it could not have provided on the first application.

On appeal, QAEC contends the judge erred in deciding the motions because he failed to: (1) "find the facts" and "state its conclusions of law," R. 1:7-4 and R. 4:46-2(c); (2) "consider[] the burden of persuasion at trial," R. 4:46-2(c); and (3) apply the correct standard for reconsideration of an interlocutory order, R. 4:42-2. QAEC also argues that because Pearson executed a release in this matter, he was precluded from "seek[ing] to avoid the release by claiming

6

the representations in the release were untrue, and that he was barred from "rais[ing] an affirmative defense weeks before the scheduled trial." Because we agree with QAEC's first three contentions, we need not address its remaining arguments.

We review a ruling on a motion for summary judgment de novo, applying the same standard governing the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). Thus, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation

7

omitted).  "In construing the meaning of a court rule . . . our review is de novo, and therefore we owe no deference to the trial court's . . . legal conclusions." Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 215 N.J. 242, 253 (2013).

When issuing an "opinion or memorandum decision, either written or oral, [the court shall] find the facts and state its conclusions of law thereon."  R. 1:7-4(a).

QAEC initially contends the motion judge erred in the application of Rule 4:46-2, because he made neither findings of facts nor conclusions of law.  We agree.

"Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion.  In the absence of reasons, we are left to conjecture as to what the judge may have had in mind."  Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

Here, the judge determined that Pearson's "contradictory" and "inconsistent" deposition testimony created a question of credibility for the jury, thereby precluding summary judgment.  We acknowledge QAEC's concern that Pearson created his own credibility issue—"change your story enough times, you avoid dismissal."  However, we need not address that issue because the

judge failed to explain the nature of Pearson's "contradictions" or "inconsistencies" or why Pearson's credibility resulted in the denial of summary judgment. "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980).

Therefore, we conclude the judge's failure to make findings of fact resulted in an incomplete review under Rule 4:46-2(c). On remand, the judge must make findings of fact, and if he determines credibility prevents summary judgment, he must explain those findings.

QAEC next contends the judge erred by failing to "consider[] the burden of persuasion at trial." Again, we agree. When assessing a summary judgment motion, "[t]he motion court must analyze the record in light of the substantive standard and burden of proof that a factfinder would apply in the event that the case were tried." Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016). "[T]he motion court . . . can [not] ignore the elements of the cause of action or the evidential standard governing the cause of action." Ibid. (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

Here, the judge determined Pearson's issue was an "issue that [went] to the . . . trier of fact." This determination "ignore[d] the elements of [each] cause of action [and] the evidential standard governing the cause[s] of action." Ibid.

A-0158-23

In short, the judge erred by failing to consider the elements applicable to each cause of action; and addressing the cause of action's correlating "burden of persuasion."

Lastly, we conclude the judge erred in applying Rule 4:49-2 to the motion for reconsideration. The Rule only applies to a "final judgment or order" and "an order denying summary judgment . . . decides nothing and merely reserves issues for future disposition." Gonzalez v. Ideal Tile Importing Co., 371 N.J. Super. 349, 356 (App. Div. 2004). In Lawson v. Dewar, we explained:

> Because Rule 4:49-2 applies only to motions to alter or amend final judgments and final orders, and does[ not] apply when an interlocutory order is challenged, so too the standard described in Cummings v. Bahr—the standard cited by the trial judge that requires a showing that the challenged order was the result of a "palpably incorrect or irrational" analysis or of the judge's failure to "consider" or "appreciate" competent and probative evidence, 295 N.J. Super. at 384—did not apply to the motion before the trial judge. Instead, in ruling on the motion at hand, the judge should have been guided only by Rule 4:42-2 and its far more liberal approach to reconsideration, not the methodology employed when a motion is based on Rule 4:49-2.
>
> Rule 4:42-2 declares that interlocutory orders "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice."
>
> [468 N.J. Super. 128, 134 (App. Div. 2021)]

Thus, because the July 7, 2023 order denying summary judgment was interlocutory in nature, it was subject to reconsideration under the interest of justice" standard.  R. 4:42-2.

Under these circumstances, we are constrained to vacate the challenged orders and remand.  We take no position on the outcome of the motion.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11